**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFERSON REMOCALDO HADRAKI, | No.   15-72850 |
| Petitioner, | Agency No. A057-826-914 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021[**]

Before:     GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Jefferson Remocaldo Hadraki, a native and citizen of the Philippines,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

Because the agency concluded that Remocaldo Hadraki was not eligible for asylum due to his aggravated felony theft offense, we do not reach Remocaldo Hadraki's contentions regarding the merits of his asylum claim. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i); *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)); *see also United States v. Flores*, 901 F.3d 1150, 1161 (9th Cir. 2018) (concluding that conviction for receipt of stolen property under California Penal Code § 496d(a) is categorically an aggravated felony).

Substantial evidence supports the agency's determination that Remocaldo Hadraki failed to establish that the government of the Philippines was or is unable or unwilling to control his alleged persecutors. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."); *Nahrvani v. Gonzales*, 399 F.3d 1148, 1154

(9th Cir. 2005) (record did not compel finding petitioner faced persecution by forces the government was unwilling or unable to control). Thus, Remocaldo Hadraki's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Remocaldo Hadraki failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to the Philippines. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DENIED.**